United States District Court
Southern District of Texas
**ENTERED**
February 29, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC d/b/a Rocaceia | § | |
| Energy Services, | § | |
| Debtor. | § | **CIVIL ACTION NO. V-16-0006** |
| | § | |
| ----------------------------------------------- | § | |
| | § | |
| GRETA YVETTE MOBLEY, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 14-6005 |
| | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This Adversary Proceeding is before the Court on the Order and Report and Recommendation Regarding Withdrawal of the Reference ("R&R") [Doc. # 1] issued by United States Bankruptcy Judge David Jones. The Bankruptcy Court denied severance of removed state law claims from the federal securities law claims,[1] and recommended that the reference of this Adversary Proceeding be withdrawn.

---

[1] When ruling on the severance issue, Judge Jones noted that efficiency concerns "dictate that the claims asserted in this adversary proceeding be adjudicated by a single court." R&R, p. 9. Because the federal court has clear subject matter jurisdiction based on the presence of a federal securities law claim, this Court agrees that it is most efficient to resolve all claims in a single court.

Adversary Defendants Quality Lease and Rental Holdings, LLC, and Rocaceia, LLC filed Objections [Doc. # 12], arguing that the Bankruptcy Court should have ruled that any right to a jury trial had been waived and should have denied remand of the removed state law claims.  Plaintiffs Greta Yvette Mobley, David Michael Mobley, Texas Quality Mats, LLC, Texas Quality Gate Guard Services, LLC, Quality Lease Air Service, LLC, QLS HoldCo, Inc. filed an Objection [Doc. # 13], arguing that the Bankruptcy Court should have remanded the state law claims.[2]  It appears that no party opposes withdrawal of the reference if all claims remain in the Adversary Proceeding.

By General Order 2012-6, all eligible cases and proceedings in the United States District Court for the Southern District of Texas are automatically referred to the bankruptcy courts pursuant to 28 U.S.C. § 157(a).  "The district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

When determining whether cause exists to withdraw the reference from a bankruptcy court, the "district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting

---

[2]        The remand issue is hereby referred to the Bankruptcy Court as a pretrial matter.

the bankruptcy process." *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985).  Other factors include whether the underlying lawsuit is core or non-core, and whether any party has demanded a jury.  *See id.*

In this case, the six *Holland America* factors weigh in favor of withdrawal of the reference.  It is uncontested that the adversary case includes both core claims and non-core claims.  There is no indication that any party is forum shopping.  Indeed, it appears that no party objects to withdrawal of the reference if the state law claims are not severed and remanded.  Third-Party Defendants David Russell Mobley, Cody Blane Mobley, Solid Liberty Services, LLC, Solid Liberty Rental Services, LLC, and QCE Supply, Inc. have requested a trial by jury.  *See* Third-Party Defendants' Demand for Jury Trial [Adv. Doc. # 40], Motion for Jury Trial [Doc. # 78].  Plaintiffs have also filed a Motion for Jury Trial [Doc. # 79].[3]

The Court finds that the remaining three factors, which relate primarily to judicial economy, equally favor withdrawal of the reference.  This district court, and the bankruptcy court when handling pretrial matters, are both capable of ensuring that uniformity in bankruptcy administration and economical use of the parties' resources

---

[3]  To the extent Defendants' objection to the jury requests is based on their being untimely, the Court exercises its discretion to overrule the objection. *See, e.g., In re BPRE, L.P.*, 599 F. App'x 182, 183 (5th Cir. Apr. 7, 2015) (noting that court typically "should grant a motion for jury trial . . . in the absence of strong and compelling reasons to the contrary").  To the extent Defendants' objection is based on written waivers of the right to a jury, the objections are sustained.

is achieved.   Having reviewed the Motions to Withdraw the Reference, the Bankruptcy Court's Report and Recommendation, the parties' Objections, and applicable legal authorities, the Court concludes that there is good cause to withdraw the reference of this adversary proceeding.

The District Court has discretion to refer cases to the Bankruptcy Court.  *See Matter of Hipp, Inc.*, 895 F.2d 1503, 1514 (5th Cir. 1990).  The Court exercises its discretion to refer this adversary proceeding to the Bankruptcy Court for pretrial matters.  This adversary proceeding was filed in October 2014, and the Bankruptcy Court has significant familiarity with the case.  Accordingly, it is hereby

**ORDERED** that the Motions to Withdraw the Reference [Docs. # 3 and # 6] are **GRANTED** and the automatic reference of this case to the United States Bankruptcy Court pursuant to General Order 2012-6 is **WITHDRAWN**.  It is further

**ORDERED** that, in the exercise of this Court's discretion, all pretrial matters in this Adversary Proceeding, including Third-Party Defendants' Motion to Dismiss [Doc. # 2/Adv. Doc. # 40], Third-Party Defendants' Motion to Abstain and Remand [Doc. # 4/Adv. Doc. # 43], Plaintiffs' Motion to Remand [Doc. # 5/Adv. Doc. # 46], are **REFERRED** to the Bankruptcy Court.  It is further

**ORDERED** that Defendants' Motion to Strike Jury Demands [Doc. # 7/Adv. Doc. # 74], Third-Party Defendants' Motion for Jury Trial [Doc. # 8/Adv. Doc. # 78],

and Plaintiffs' Motion for Jury Trial [Doc. # 9/Adv. Doc. # 79] are **GRANTED IN PART AND DENIED IN PART**.  The jury demands are denied as to claims by parties who have executed written waivers of their right to a jury, and granted in all other respects.

SIGNED at Houston, Texas, this 29th of **February, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE