United States District Court
Southern District of Texas
**ENTERED**
April 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, | § | |
|     Debtor. | § | **CIVIL ACTION NO. 6:16-0006** |
| | § | |
| ------------------------------------------------ | § | |
| GRETA YVETTE MOBLEY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 14-6005 |
| | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Realign the Parties ("Motion") [Doc. # 63] filed by Quality Lease and Rental Holdings, LLC ("QLRH"), Quality Lease Rental Service, LLC, Quality Lease Service, LLC, Rocaceia, LLC, and Allan Martin (collectively, "Debtor Parties"). Debtor Parties ask to be realigned as Plaintiffs for trial. David Michael Mobley and QLS Holdco, Inc. ("Holdco") (collectively, "Mobley Parties") filed a Response [Doc. # 76], and Debtor Parties filed a Reply [Doc. # 77]. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion.

Generally, the district court has the authority to control the order of proof. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Lloyd's of London Syndicate 2987 v. Bison Drilling & Field Servs., LLC*, 2019 WL 1060892, *3 (S.D. Tex. Feb. 1, 2019), report and recommendation adopted, 2019 WL 1059979 (S.D. Tex. Mar. 6, 2019). "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." FED. R. EVID. 611(a). "A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2014 WL 320155, *1 (N.D. Tex. Jan. 29, 2014) (quoting *Ericsson Inc. v. Harris Corp.*, 1999 WL 604827, *2 (N.D. Tex. Aug. 11, 1999)). The proper alignment of the parties is a matter within the sound discretion of the court. *See Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994).

This case has an unusual procedural history that resulted in the current alignment of the parties. QLRH, one of the Debtor Parties, was the first to file claims against any of the Mobley Parties when it filed a lawsuit against Michael Mobley on

April 8, 2013, in the United States District Court for the Middle District of Florida. Later, parties affiliated with Greta Yvette Mobley (who has settled all claims at issue in this lawsuit) filed a lawsuit against QLRH in Wharton County, Texas. Michael Mobley was not involved in the Wharton County lawsuit until July 10, 2013, when he was joined as a plaintiff through the filing of a First Amended Petition. Holdco did not become a party to the Wharton County lawsuit until he was named as a third-party defendant.

In September 2013, QLRH voluntarily dismissed the lawsuit in Florida and filed its claims as counterclaims in the Wharton County lawsuit. In this manner, QLRH, which was the first party to file claims that are asserted in this lawsuit, became a defendant. The Mobley Parties' status as Plaintiffs in this case resulted solely from QLRH's agreement to dismiss the Florida lawsuit in favor of the Wharton County lawsuit. The Mobley Parties' remaining claims were first asserted in the Third Amended Petition filed in the Wharton County lawsuit on November 1, 2013.[1]

In addition to having filed its claims first, the Debtor Parties bear the burden of proof on most of the claims remaining for trial. Debtor Parties have nine claims

---

[1] Mobley Parties assert claims for fraudulent inducement and breach of fiduciary duty against Martin. Debtor Parties argue that the Mobley Parties waived their fraudulent inducement claim under Section 5.13 of the Purchase and Contribution Agreement. *See* Reply [Doc. # 77], pp. 7-9.

against the Mobley Parties remaining for trial.  Mobley Parties have at most two claims remaining, and those claims are asserted only against Martin.  In addition to the comparatively greater number of remaining claims on which Debtor Parties bear the burden of proof, the nature of those claims also favors realigning the parties.  *See Orthoflex,* 2014 WL 320155 at *2.  Debtor Parties' claims cover a broader range of events, relating to the entire scope of the parties' relationship.  The Mobley Parties, on the other hand, assert claim(s) against only Martin and only for conduct occurring near the end of the parties' relationship.

In summary, QLRH was the first party to file claims that are to be tried in this case.  Claims on which the Debtor Parties' bear the burden of proof predominate, both numerically and substantively.  Therefore, the Court exercises its discretion to realign the parties such that the Debtor Parties are Plaintiffs and the Mobley Parties are Defendants.  The Court will, however, allow the Mobley Parties to cross-examine fully any witness called by the Debtor Parties in their case-in-chief, not limited by the scope of direct examination.  Accordingly, it is hereby

**ORDERED** that the Debtor Parties' Motion to Realign the Parties [Doc. # 63] is **GRANTED**.  The Clerk is directed to modify the caption of this case to identify Quality Lease and Rental Holdings, LLC, Quality Lease Rental Service, LLC, Quality

Lease Service, LLC, Rocaceia, LLC, and Allan Martin as Plaintiffs.  David Michael Mobley and QLS Holdco, Inc. will be identified as Defendants.

SIGNED at Houston, Texas, this **25th** of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE