United States District Court
Southern District of Texas
**ENTERED**
April 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, | § | |
| Debtor. | § | CIVIL ACTION NO. 6:16-0006 |
| | § | |
| ---------------------------------------------- | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 14-6005 |
| | § | |
| DAVID MICHAEL MOBLEY, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Jury Trial as to All Claims Against Allan Martin ("Motion") [Doc. # 69] filed by David Michael Mobley and QLS Holdco, Inc. ("Holdco") (collectively, "Mobley Parties"). Quality Lease and Rental Holdings, LLC ("QLRH"), Quality Lease Rental Service, LLC, Quality Lease Service, LLC, Rocaceia, LLC, and Allan Martin (collectively, "Debtor Parties") filed a Response [Doc. # 72], and the Mobley Parties filed a Reply [Doc. # 81]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion.

In December 2012, Quality Lease Service, LLC, Quality Lease Rental Service, LLC, Holdco, David Michael Mobley, Yvette Mobley, and QLRH entered into a

Purchase and Contribution Agreement ("PCA"). The PCA is governed by and construed in accordance with the laws of the State of Florida. *See* PCA [Doc. # 69-2], § 10.11(a).

The Mobley Parties seek to have their fraudulent inducement and breach of fiduciary duty claims against Martin tried to a jury. The Debtor Parties, including Martin and QLRH, object and invoke the jury waiver contained in the PCA.[1] The "Waiver of Jury Trial" provision states:

> EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS AGREEMENT OR THE OTHER TRANSACTION DOCUMENTS IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, THE OTHER TRANSACTION DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY.

*Id.*, § 10.11(c). The Mobley Parties' claims against Martin for fraudulent inducement and breach of fiduciary duty arise out of or relate to the PCA and the sales transaction contemplated thereby. As a result, the claims asserted by the Mobley Parties against

---

[1] The Court previously denied jury demands "as to claims by parties who have executed written waivers of their right to a jury . . .." *See* Memorandum and Order [Doc. # 14], p. 5. It is undisputed that the Mobley Parties executed the PCA, in which the Mobley Parties waived any right to a jury on any claims arising out of or relating to the PCA and the sales transaction at issue. The Court stands by its prior ruling, but issues this Memorandum and Order to explain more thoroughly the basis for allowing Martin to invoke the Mobley Parties' jury waiver in the PCA.

Martin in this lawsuit are claims as to which the Mobley Parties waived their right to a jury.

The Mobley Parties argue that Martin cannot invoke the jury waiver provision of the PCA because he is not a party to the agreement. It is uncontested that Martin signed the PCA as Manager of QLRH. *See id.*, ECF p. 71. The Mobley Parties allege in their Third Amended Complaint that Martin, acting as QLRH's CEO, terminated Mike Mobley. *See* Third Amended Complaint [Doc. # 30], ¶ 37. This allegation reflects the Mobley Parties' position that Martin was an agent of QLRH, specifically its CEO.

Under Florida law, "[w]here a principal has signed a contract containing a jury waiver clause, its employees and agents may also enforce the waiver with regard to claims arising from acts taken within the scope of their employment or agency."[2] *Hamilton v. Sheridan Healthcorp, Inc.*, 2014 WL 537343, *3 (S.D. Fla. Feb. 11, 2014). The Florida District Court in *Hamilton* cited the Third Circuit case, *Tracinda Corp. v. DaimlerChrylser AG*, 502 F.3d 212 (3d Cir. 2007). In *Tracinda*, the Third Circuit held that "when a valid contractual jury trial waiver provision applies to a

---

[2] The rule is the same under Texas law that "when a valid contractual jury waiver applies to a signatory corporation, the waiver also extends to non-signatories that seek to invoke the waiver as agents of the corporation." *In re Credit Suisse First Boston Mortg. Capital, L.L.C.*, 273 S.W.3d 843, 848 (Tex. App. -- Houston [14th Dist.] 2008, reh'd overruled).

signatory corporation, the waiver also applies to nonsignatory directors and officers seeking to invoke the waiver as agents of the corporation." *Id.* at 225.  Martin signed the PCA as the Manager of QLRH, and the Mobley Parties allege that he acted as the CEO of QLRH.  The claims asserted by the Mobley Parties against Martin relate to his conduct as an agent of QLRH.  Therefore, under Florida law, Martin may invoke the jury waiver contained in the PCA.

The Mobley Parties argue that the general rule under Florida law, that a non-signatory agent can invoke the jury waiver provision in an agreement entered into by his corporate principal, should not apply in this case because the PCA precludes third-party beneficiary status.  The PCA contains a section entitled "No Third-Party Beneficiaries," which provides:

> [With an exception not relevant here], this agreement is for the sole benefit of the parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other Person or entity any legal or equitable right, benefit or remedy of any nature whatsoever under or by reason of this Agreement.

PCA, § 10.08.  The Florida law discussed above, however, is based on agency principles.  The Florida rule allowing an agent of a signatory to invoke the jury waiver does not depend on the non-signatory having third party beneficiary status under the contract.  Therefore, Martin's lack of third-party beneficiary status under the PCA

does not prevent the jury waiver provision in that agreement from applying to him, and he is entitled under Florida law to invoke the jury waiver provision.

The Mobley Parties argue that the Court must strictly construe the PCA against finding a jury waiver. The case on which they rely, *Bray v. PNC Bank, N.A.*, 196 F. Supp. 3d 1282 (M.D. Fla 2016), is inapplicable. That case involved whether a jury waiver was knowing and voluntary, and whether the claims were within the scope of the waiver. *See Bray*, 196 F. Supp. 3d at 1286. Those issues, not present in this case, relate to whether there is an enforceable jury waiver that applies to the claims in the lawsuit. The Court in *Bray* did not address the issue here, which is whether a non-signatory agent of a signatory can invoke a valid jury waiver covering the claims asserted against him. Indeed, under Florida law, "[c]ontractual waivers of a person's right to a jury trial are routinely deemed enforceable, provided that they are knowing and voluntary." *Alonso Cano v. 245 C & C, LLC*, 2020 WL 1304910, *2 (S.D. Fla. Mar. 19, 2020); *see also Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. Jan. 6, 2006); *Ackner v. PNC Bank, Nat'l Ass'n*, 2017 WL 7355329,*3 (S.D. Fla. Dec. 22, 2017).

In summary, the jury waiver provision in the PCA applies to Martin as an agent of signatory party QLRH. Although he is not a third-party beneficiary of the PCA,

as an agent of QLRH he is authorized under Florida law to invoke the jury waiver provision in the PCA. He has done so. Accordingly, it is hereby

**ORDERED** that the Mobley Parties' Motion for Jury Trial As to All Claims Against Allan Martin [Doc. # 69] is **DENIED**. All remaining claims in the case will be tried to the Court.

SIGNED at Houston, Texas, this  29th  of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE