# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, | § | |
|    Debtor. | § | **CIVIL ACTION NO. 6:16-0006** |
| | § | |
| ---------------------------------------------- | § | |
| QUALITY LEASE AND RENTAL | § | |
| HOLDINGS, LLC, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 14-6005 |
| | § | |
| DAVID MICHAEL MOBLEY, *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Clarification, or Alternatively, Motion to Reconsider Under FRCP 59(e) ("Motion") [Doc. # 100] filed by Quality Lease and Rental Holdings, LLC ("QLRH"), Quality Lease Rental Service, LLC ("QLRS"), Quality Lease Service, LLC ("QLS"), Rocaceia, LLC, and Allan Martin (collectively, "Debtor Parties"), seeking clarification or reconsideration of a portion of the Court's Memorandum and Order [Doc. # 99] entered May 12, 2020. David Michael Mobley and QLS Holdco, Inc. ("Holdco") (collectively, "Mobley Parties") filed a Response [Doc. # 102], and the Debtor Parties filed a Reply [Doc. # 103]. The Court **grants** the Motion as set forth herein.

Debtor Parties seek reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Because the Court's May 12 Memorandum and Order did not enter a judgment, Debtor Parties' request can be considered pursuant to Rule 54(b).[1] Rule 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alterations and internal quotation marks omitted). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotation marks and citations omitted).

As part of the Joint Pretrial Order [Doc. # 59], the Debtor Parties and the Mobley Parties each attached a memorandum of law addressing certain legal issues in the case. The Court directed the parties to submit additional briefing on these issues. In its May 12 Memorandum and Order, the Court ruled on the various legal issues addressed in the Joint Pretrial Order. As one of the issues raised in the Joint

---

[1] *See* FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") By contrast, Rule 59(e) permits a litigant to file a motion to "alter or amend a judgment" after final judgment has been entered. FED. R. CIV. P. 59(e); *Merritt Hawkins & Assoc., LLC v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Pretrial Order, the Mobley Parties argued that the Debtor Parties' common law fraud claims were barred by the independent injury rule. The Court agreed that the standard fraud claims were barred, but held that Debtor Parties' fraudulent inducement claim was not barred by the independent injury rule.[2] Specifically, the Court held that "tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *See* May 12 Memorandum and Order [Doc. # 99], p. 8 (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). The Court further held that the independent injury rule would apply to standard common law fraud claims. *See id.* (citing *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 301 (Tex. App. -- Dallas 2009, no pet.)). Therefore, the Court held that Debtor Parties' fraudulent inducement claim (Count I) survived, but the common law fraud claims in Count II (Fraud by Affirmative Representation) and Count III (Fraud by Non-Disclosure) were barred. *See id.* at 13.

---

[2] In the Response, the Mobley Parties assert that the securities fraud claim is barred. The Court did not rule in the May 12 Memorandum and Order that the securities fraud claim was barred by the independent injury rule, and no motion has been filed seeking reconsideration on that issue. Indeed, because a "federal securities fraud claim arises out of a statutorily mandated legal duty and not out of a duty imposed by [the] contract with Defendants," the independent injury rule does not apply to bar the claim. *See Remacle v. Repperio, Inc.*, 2017 WL 11505574, *5 (E.D. Va. Aug. 25, 2017).

Debtor Parties filed the pending Motion, asserting that Counts II and III are based exclusively on a fraudulent inducement theory and, therefore, are not barred by the independent injury rule. In the Response, the Mobley Parties correctly noted that in the Joint Pretrial Order, the Debtor Parties identified the elements of the fraud claims in Counts II and III as those of standard common law fraud claims, not of fraudulent inducement claims. This statement of the elements was consistent with the title Debtor Parties gave their claims. In their Reply, Debtor Parties argue that in other parts of the Joint Pretrial Order, such as "Debtor Parties' Contentions," they described the claims asserted in Counts II and III in a manner that supports a fraudulent inducement claim. For example, Debtor Parties stated in the "Summary of Contentions" for Count II that the "Mobley Parties made material and false representations to QLRH that they knew were false with the intent that QLRH would enter into the Purchase Transaction" and that QLRH relied on those false representations "in entering into the Purchase Transaction." *See* Joint Pretrial Order, p. 20. Debtor Parties summarize their contentions for Count III in a similar manner. *See id.* at 20-21.

To the extent the claims in Count II and Count III are based exclusively on a theory of fraudulent inducement, the independent injury rule does not apply to bar the claims. Debtor Parties will not, however, be permitted to introduce evidence or

present argument at trial to support a standard common law fraud claim. Accordingly, it is hereby

**ORDERED** that Debtor Parties' Motion for Clarification, or Alternatively, Motion to Reconsider [Doc. # 100] is **GRANTED** to the extent set forth herein.

SIGNED at Houston, Texas, this 23rd of **June, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE